UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTURO GUZMAN,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No. 4:23-cv-00003-DKG<br><br>**INITIAL REVIEW ORDER<br>AND REASSIGNMENT ORDER** |

Petitioner Arturo Guzman (Petitioner) has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting that, since September 4, 2022, he has been held in the legal custody of the United States under a Drug Enforcement Agency (DEA) detainer or "hold," and in the physical custody of the Jefferson County Jail (Sheriff) in Rigby, Idaho, but that government officials have not otherwise told him definitively why he is being detained. Dkt. 1, pp. 1-3. He also asserts that the detainer is for a warrant "out of North Dakota," *see* Dkt. 1, p. 7, and the charges are "conspiracy to possess with intent to distribute and distribute controlled substances," *id*., p. 3. It is unclear whether the detainer is from a federal or state jurisdiction.

Petitioner also asserts that the detainer warrant is for the wrong person. His name is Arturo Guzman, not Arturo Alavez Guzman, which is the name on the warrant. He states that he has "never had any law enforcement encounters," and he is "being held on

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 1**

hearsay." *Id*. His family has attempted to obtain a lawyer for him, but have been told that, because he had no charges against him, he did not qualify for a public defender.

It does appear that Petitioner was charged in Idaho with two felony counts in Case No. CR10-22-08225, *State of Idaho v. Arturo Guzman*, on September 6, 2022, which were dismissed on September 16, 2022, and later refiled and then dismissed again on November 16, 2022.[1] Apparently, however, Petitioner still is being detained at the Jefferson County Jail on a detainer from another jurisdiction.

This Court has jurisdiction to entertain a petition for habeas relief from a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & § 2254(a). Section 2241 is a "general grant of habeas corpus authority" that applies to persons held in state custody for reasons other than a state court criminal judgment, including circumstances of "pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004) (citation omitted), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Section § 2254 is for persons desiring to challenge custody arising from a state criminal judgment by filing a habeas corpus petition raising federal grounds for relief.

An inmate who is being held subject to a detainer is "in custody" for the purpose of challenging the charge upon which the detainer is based. *Maleng v. Cook*, 490 U.S.

---

[1] *See* Idaho state court register of actions at https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0 (accessed 1/5/2023). (It is possible that this is another person of the same name, but the dates and drug charge references seem to match.)

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 2**

488, 493 (1989). In *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973), the Court held that the proper custodian of an Alabama state prisoner with a Kentucky detainer lodged against him was the Alabama warden, where the Alabama prisoner sought to challenge the outstanding Kentucky charge that was the subject of the Kentucky detainer. To reach this conclusion,

> the Supreme Court in *Braden* treated the Warden of the Alabama State Prison as the agent for the Commonwealth of Kentucky. *Braden*, 410 U.S. at 498–99, 93 S.Ct. at 1131–32. The Court stated that where a prisoner held in one state attacks a detainer lodged against him by another state, "the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian is presumably indifferent to the resolution of [the] prisoner's attack on the detainer." *Id.* (footnote omitted). By adopting this agency theory, the Court has ensured that a federal district court in a state whose conviction or indictment is being challenged by a prisoner incarcerated in another state will have personal jurisdiction over the "true custodian," an official of the demanding state.

*Dunne v. Henman*, 875 F.2d 244, 248 (9th Cir. 1989).

In contrast *to Braden*, Mr. Dunne, a prisoner residing in an Illinois federal prison who was serving both Washington state sentences and federal sentences was required to bring his federal challenge to the execution of his federal sentences in an Illinois federal district court, not a Washington federal district court, where he mistakenly filed it. The United States District Court for the Ninth Circuit explained that the agency theory explained in *Braden* was inapplicable because "the State of Washington contractually boards Dunne with his future custodian, the federal warden," and, therefore, "Dunne's present custodian is also his 'true custodian,' and the proper respondent for purposes of

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 3**

Dunne's section 2241 petition challenge to the execution of his future sentences." *Id*. at 249. The *Braden* and *Dunne* cases highlight the difficult task of sorting out the jurisdictional facts to determine which federal district court can hear which habeas corpus claims.

Here, it is unclear whether the federal court in the District of Idaho will be able to entertain this petition, depending on the particular detainer and any other reasons for Petitioner's detention. Petitioner will be required to obtain a copy of the detainer from his jail custodian and lodge it with the Court, after which the District Court will review it and issue an order.

To expedite this matter, the Court will order the Clerk of Court to serve a copy of this Order on the United States Attorney General  (USAG) to immediately review this case to determine whether the detainer Mr. Guzman seeks to challenge was filed on behalf of the United States, and, if so, to determine whether the correct person is being held. If the USAG desires to file any clarifying documentation in this action, that would be helpful. Because not all named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this matter, and it appears that this case should be handled on an expedited basis, the Court will order that the case be reassigned to a United States District Judge.

## ORDER

**IT IS ORDERED:**

1. Petitioner shall file a copy of the detainer and any other relevant documentation in this case as soon as reasonably possible.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 4**

2. Petitioner shall complete and file an in forma pauperis application or pay the $5.00 filing fee when he files a copy of the detainer.

3. The Clerk of Court shall reassign this case to a United States District Judge.

4. The Clerk of Court shall provide a copy of this Order to the following counsel at their registered ECF addresses: Joshua D. Hurwit and Christian Samuel Nafzger for Respondent the United States of America.

DATED: January 6, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 5**